Kenneth M. Rosenstein
Assistant Attorney General
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: ken.rosenstein@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| LANCE D. LINTON, SR., <br><br> Petitioner, <br><br> vs. <br><br> FRANK LUNA, et al., <br><br> Respondents. | Case No. 3:07-cv-51-RRB <br><br> RESPONSE TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS |

Linton has filed an amended petition for writ of habeas corpus challenging his conviction in state court of first-degree murder. This is the respondents' response to the amended petition.

Background

Linton was charged in 1991 with the first-degree murder of his former wife Elfriede, who had disappeared in 1982. *Linton v. State*, 880 P.2d 123, 125 (Alaska App. 1994) ("*Linton I*"). Part of the evidence against Linton

was testimony from Steven Pieroni, the domestic partner of John Linton, Linton's father. *Id.* at 125, 127. Shortly before the elder Linton had died in 1989, he told Pieroni that he had assisted Linton in disposing of Elfriede's body. *Id.* at 125. The trial court admitted Pieroni's testimony about John Linton's confession under the Alaska Evidence Rule 804(b)(3) as a statement against John Linton's penal interest. *Id.* at 127. Linton was convicted of first-degree murder.

Linton appealed his conviction to the Alaska Court of Appeals, claiming that the admission of John Linton's statement violated his confrontation right. *Linton I*, 880 P.2d at 128-29. The Alaska Court of Appeals held that there was no violation. *Id.* at 130.

Linton petitioned the court of appeals for rehearing based on *Williamson v. United States*, 512 U.S. 594, 114 S.Ct. 2431 (1994), which had been decided shortly before the opinion in Linton's case was issued. *Linton v. State*, 901 P.2d 439, 440 (Alaska App. 1995) ("*Linton II*"). *Williamson* held that the word "statement" as used in Federal Evidence Rule 804(b)(3), the statement-against-interest exception to the hearsay rule, "does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory." *Id.* at 600-01, 114 S.Ct. at 2435. The Court also held that the self-inculpatory nature of a statement "can only be determined by viewing it in context"; even statements neutral on their face could be self-

inculpatory when viewed in context. *Id.* at 603, 114 S.Ct. at 2436-37. The Alaska Court of Appeals concluded that it need "not decide whether *Williamson*'s interpretation of [Federal Evidence Rule] 804(b)(3) should be adopted in applying Alaska's [Evidence Rule 804(b)(3)]" because "Linton failed to raise the issue below or preserve it on appeal." *Linton II*, 901 P.2d at 441.

Linton filed a petition for hearing, seeking discretionary review by the Alaska Supreme Court. Petition for Hearing, *Linton v. State*, No. S-7294 (Alaska, September 14, 1995). (A copy of the petition will be lodged with this court.) The Alaska Supreme Court summarily denied Linton's petition. *Linton v. State*, No. S-7294 (Alaska, October 28, 1995) (order denying petition for hearing). [*See* Am. Pet. 10[1]]

Linton then filed an application for post-conviction relief in state court. Insofar as relevant to his habeas petition, he claimed that his trial lawyers had coerced him to waive his right to testify on his own behalf. That claim was ultimately dismissed, and the dismissal was affirmed by the Alaska Court of Appeals. *Linton v. State*, Mem. Op. & J. No. 5108, 2006 WL 2458572 (Alaska App., August 23, 2006). The Alaska Supreme Court denied discretionary review. *Linton v. State*, No. S-12443 (Alaska, December 7, 2006) (order denying petition for hearing).

---

[1] Linton's amended petition specifies an incorrect date for the denial of his petition for hearing.

## Linton's Amended Petition and the Respondents' Response

Linton asserts three claims in his amended petition.

First, Linton claims that his confrontation rights were violated by the admission of Pieroni's testimony about John Linton's confession. [Am. Pet. 2-6] The respondents deny this claim.

Second, Linton claims violations of his due process and confrontation rights based on the refusal by the Alaska Court of Appeals to consider his *Williamson* claim. [Am. Pet. 6-7] Habeas relief for this claim is barred because it was resolved in state court on independent and adequate state law grounds – Linton's procedural default. (The respondents have moved separately to dismiss this claim.) To the extent that this claim may not be barred, the respondents deny it.

Third, Linton claims violations of his due process and Sixth Amendment rights based on his trial lawyers allegedly coercing him to waive his right to testify. [Am. Pet. 7-8] Linton did not exhaust his state court remedies with respect to this claim. (The respondents have moved separately to dismiss the amended petition based on Linton's failure to exhaust this claim.) The extent that this claim may have been exhausted, the respondents deny it.

## Conclusion

Linton's amended petition should be dismissed.

DATED this 31st day of August, 2007.

       TALIS J. COLBERG
       ATTORNEY GENERAL

       s/ Kenneth M. Rosenstein
        Assistant Attorney General
        State of Alaska, Dept. of Law
        Office of Special Prosecutions and Appeals
        310 K St., Suite 308
        Anchorage, Alaska 99501
        Telephone: (907) 269-6250
        Facsimile: (907) 269-6270
        e-mail: ken.rosenstein@alaska.gov
        Alaska Bar No. 7605051

      **Certificate of Service**

I certify that on August 31, 2007, a copy of the foregoing **Response to Amended Petition for Writ of Habeas Corpus** was served electronically on **Mary C. Geddes**

  s/ **Kenneth M. Rosenstein**