Averil Lerman
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LANCE D. LINTON, SR., <br><br> Petitioner, <br><br> vs. <br><br> FRANK LUNA, et al., <br><br> Respondents. | Case No. 3:07-cv-0051-RRB-DMS <br><br> **REPLY TO STATE'S OPPOSITION TO MOTION FOR DISCOVERY OF TRIAL EXHIBITS FROM THE STATE** |

In opposition to Mr. Linton's motion to review trial exhibits, the state contends that the trial exhibits are not relevant to habeas review of Mr. Linton's murder conviction. Doc. 85, p. 1. The state contends that the trial exhibits were not part of the trial record during the direct merit appeal to the Alaska appellate courts, and thus are not part of the record for purposes of a federal petition for writ of habeas corpus. *Id.*

The position of the state is not well taken. Federal habeas review is not a continuation of the merit appeal made by the petitioner in state court, but rather federal review of state court adjudications regarding federal constitutional rights. The state's position that only exhibits that were specifically identified to the Alaska Court of Appeals are included in the record

of the case for purposes of habeas review is not supported by review of the federal rules governing habeas, particularly Rule 5 of "Rules Governing Section 2254 Cases in the United States District Courts." That rule requires the state to identify all transcripts and other proceedings that might be necessary to review the state court's decision. While the rule does not specifically reference trial exhibits, it is incomprehensible that the federal courts would have the right to require production of transcripts and the testimony of witnesses regarding trial exhibits, but not the right to require production of the trial exhibits themselves, the very exhibits that are discussed in the transcripts.

The fact that the state of Alaska returns trial exhibits to the parties in criminal cases does not lessen the extent to which those exhibits are, fundamentally, public records, just as the court file regarding the criminal case is, and just as the audio and written recordings of the trial are. If the state of Alaska can argue that the federal court is only justified in reviewing trial exhibits if those exhibits were previously submitted to state appellate courts, then the state has the power essentially to foreclose any actual *de novo* review by the federal court.

The state asserts that Mr. Linton is on a "fishing expedition" because his habeas lawyer wishes to see the exhibits that the state submitted in obtaining a murder conviction against Mr. Linton. Doc. 85, pp. 2, 3. Mr. Linton's present lawyer was not involved with the trial, and has had no prior opportunity to review the actual exhibits submitted by the state. Development of a habeas case requires that habeas counsel review all of the prior proceedings regarding the conviction. Review of the trial exhibits is an obviously necessary step in this effort.

The issue in this case concerns whether or not the Alaska Court of Appeals misapplied *Ohio v. Roberts* in permitting the state to put forward a dead man's statement that Lance Linton had admitted to murdering Elfriede Linton, and that the dead man had assisted Lance in

moving the body. The question at issue in this case is whether, under the totality of the circumstances test required by *Ohio v. Roberts*, 448 U.S. 56 (1980), the alleged statement had particularized guarantees of trustworthiness, as required by *Lee v. Illinois*, 476 U.S. 530 (1986), and *Idaho v. Wright*, 497 U.S. 805 (1990). In its decision rejecting Lance Linton's federal confrontation clause claim, the Alaska Court of Appeals clearly relied on the evidence put forward at trial. *Linton v. State*, 880 P.2d 123, 129 (Alaska App. 1994) (in its totality of the circumstances analysis, the appellate court states "all of the evidence at trial established" a circumstance considered in relationship to the confrontation claim). Certainly, federal review of the state court's totality of the circumstances analysis would require review of the entirety of the state court trial record, potentially including the trial exhibits.

Title 28, United states Code, section 2254(f), states:

> If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. *If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official.* If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

(Emphasis added.) Here, the issue is the state court's application of the totality of the circumstances test, and whether the alleged statement of John Linton was characterized as a statement with "particularized guarantees of trustworthiness." Evaluating the totality of the circumstances requires the opportunity to evaluate trial court exhibits. Section 2254(f) was cited in Mr. Linton's motion, but the state has not addressed it.

For the reasons set out here and in his motion, Lance Linton respectfully requests that this court order that the state of Alaska permit his counsel to review the state's trial exhibits in the Linton trial.

DATED this 27th day of March, 2009.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Averil Lerman
Staff Attorney
Alaska Bar No. 8309092
601 West 5th Avenue, Suite 800
Anchorage, AK 99501
Ph: (907) 646-3400
Fax: (907) 646-3480
averil_lerman@fd.org

Certification:

I certify that on March 27, 2009, a copy of the foregoing document, with attachments, was served electronically on:

Ann Black, Esq.

/s/ Averil Lerman